IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN HARPER,                                    Civ. No. 05-420-AA

          Plaintiff,                            OPINION AND ORDER

     v.

JO ANNE B. BARNHART,
Commissioner of Social
Security,

          Defendant.
_____

Tim Wilborn
Wilborn & Associates, P.C.
2020-C S.W. 8th Avenue, PMB # 294
West Linn, OR  97068
     Attorney for plaintiff

Karen Immergut
United States Attorney
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

Franco L. Becia
Special Assistant U.S. Attorney
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
     Attorneys for defendant

1    - OPINION AND ORDER

AIKEN, Judge:

Plaintiff brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's application for Supplemental Security Income (SSI) benefits. For the reasons set forth below, the Commissioner's decision is reversed and remanded for an award of benefits.

<u>BACKGROUND</u>

On March 12, 2001, plaintiff protectively filed an application for SSI benefits. Tr. 55-57, 61. His application was denied initially and on reconsideration. Tr. 37. After timely requesting a hearing, plaintiff and a vocational expert appeared and testified before an administrative law judge (ALJ) on July 9, 2003. Tr. 32, 394-448. On October 10, 2003, the ALJ issued a decision finding that plaintiff was able to perform work activity existing in the national economy, and that plaintiff was not disabled within the meaning of the Act. Tr. 16-27. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final agency decision. Tr. 7-10. Plaintiff now seeks judicial review of the Commissioner's denial of benefits. 42 U.S.C. § 405(g).

Plaintiff was fifty years old at the time of the ALJ's decision, with a high school education and past work history as a pole cutter, contractor, millwright, and rigging slinger. Tr. 25, 55, 77. Plaintiff alleges disability since February 2001 due to heart disease, hyptertension, sleep apnea, cognitive disorder, degenerative disc disease of the cervical spine, Dupuytren's disease of both hands, and obesity.

///

2    - OPINION AND ORDER

STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards, and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner, Waters v. Gardener, 452 F.2d 855, 858 n.7 (9th Cir. 1971), but any negative credibility findings must be supported by findings on the record and supported by substantial evidence. Cequerra v. Sec'y of Health and Human Servs., 933 F.2d 735, 738 (9th Cir. 1991). The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g).

Under sentence four of 42 U.S.C. § 405(g), the court has the power to enter a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing.

///

3    - OPINION AND ORDER

COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. At step one, the ALJ found that plaintiff had not performed "substantial gainful activity" during the period of alleged disability. Tr. 20; Yuckert, 482 U.S. at 140; 20 C.F.R. § 416.920(b).

At steps two and three the ALJ found that plaintiff had "medically severe impairments," including coronary heart disease, hypertension, chronic obstructive pulmonary disease, and back pain syndrome, but that these impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Tr. 20; Yuckert, 482 U.S. at 140-41; see 20 C.F.R. § 416.920(c) and (d).

At step four, the ALJ found that plaintiff retained the residual functional capacity (RFC) to perform a limited range of light work. Specifically, the ALJ found that plaintiff can stand/walk two to three hours in an eight-hour workday, sit throughout the workday with a sit/stand option, but that he cannot perform repetitive bending, stooping, or squatting. Tr. 25.

4    - OPINION AND ORDER

Accordingly, the ALJ found that plaintiff's RFC rendered him unable to perform his past relevant work.  Tr. 25; 20 C.F.R. § 416.920(e). Thus, the inquiry moved to step five.

At step five, the burden shifts to the Commissioner to establish that the claimant can perform other work.  Yuckert, 482 U.S. at 141-42; see 20 C.F.R. § 416.920(e) and (f).  Relying on the testimony of a vocational expert, the ALJ found that plaintiff could perform other work existing in significant numbers in the national economy, including a ticket seller and cashier.  Tr. 26. Accordingly, the ALJ found that plaintiff was not disabled under the Act.

DISCUSSION

Plaintiff argues that the Commissioner's decision must be reversed and remanded for an award of benefits, because the ALJ committed several legal errors in assessing plaintiff's disability.

A.  Physical Residual Functional Capacity Assessments

First, plaintiff maintain that the ALJ failed to comply with applicable regulations requiring that the ALJ obtain RFC assessments from all of plaintiff's medical sources.  However, the ALJ is not necessarily obligated to obtain RFC assessments from every medical source, and the lack of such assessments will not render medical records incomplete.  20 C.F.R. § 404.1513(b)(6). Therefore, I find no error.

B.  Evaluation of Listed Impairments

Second, plaintiff argues that the ALJ's finding that plaintiff's hypertensive cardiovascular disease and cardiomyophathy do not meet or equal a listed impairment is not supported by substantial evidence in the record.  Plaintiff complains that the

5    - OPINION AND ORDER

ALJ provided only conclusory statements that, upon evaluation of the medical evidence, plaintiff's impairments do not meet or equal the criteria of any condition identified in the listing. Tr. 20. Plaintiff argues that the ALJ's findings are in error, because the ALJ failed to discuss or articulate any rationale for this finding. See Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990).

However, as emphasized by defendant, the ALJ summarized and evaluated the relevant medical evidence of record, along with plaintiff's alleged functional limitations, and referenced this evaluation in finding that plaintiff's impairments did not meet or equal the listings. Tr. 21-24. Further, plaintiff provides no citations to the record that support a finding that his impairments meet or equal the listings. Therefore, I find that the ALJ's extensive summarization and evaluation of medical evidence sufficiently considered the combined effects of plaintiff's impairments to determine whether they met or equaled the listings. See Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990); Lombardo v. Schweiker, 749 F.2d 565, 567 (9th Cir. 1984).

C.  Consideration of Lay Witness Statement

Plaintiff next argues that the ALJ improperly rejected the statement of a lay witness, Ellie Vos. Ms. Vos reported that plaintiff easily becomes short of breath, and that he takes daily naps of one to two hours. Tr. 113. The ALJ found Ms. Vos's report credible "to the extent that it is consistent with the medical evidence reviewed above," noting that plaintiff's chest pain alleviated when he took his medication. Tr. 24.

The ALJ must cite germane reasons to reject the statements of lay witnesses. Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001);

6    - OPINION AND ORDER

Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996).  Ms. Vos cannot render an opinion regarding plaintiff's need for daily naps, and it was not error to disregard this statement if not supported by medical evidence.  However, for the reasons stated below, the ALJ erred in failing to consider Ms. Vos's statement that plaintiff easily becomes short of breath.

D.  Evaluation of Plaintiff's Credibility

Plaintiff argues that the ALJ erred in finding plaintiff's allegations of shortness of breath and limitations on standing and walking not credible.

If a claimant produces objective medical evidence of an underlying impairment which could reasonably be expected to produce the symptoms alleged, and no evidence of malingering exists, the ALJ can reject a claimant's symptom testimony only upon specific findings, stating clear and convincing reasons for doing so. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).  Further, the ALJ cannot reject a claimant's symptom testimony solely because it is not fully corroborated by objective medical findings.  Smolen, 80 F.3d at 1282; Cotton v. Bowen, 799 F.2d 1403, 1407-08 (9th Cir. 1986). In determining a claimant's credibility the Commissioner may consider:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.

Smolen, 80 F.3d at 1284.

Here, the ALJ rejected plaintiff's testimony that he required rest after walking twenty feet.  The ALJ found that plaintiff's

7    - OPINION AND ORDER

medication eased his cardiac and lung symptoms, and that he alleged no other impairment that limits his ability to walk. Tr. 22. However, while the evidence reflects that compliance with medication eases plaintiff's chest pain, other evidence of record supports plaintiff's assertion that he is unable to perform physical activity for even a short time due to fatigue and shortness of breath. Tr. 156, 169-71, 223, 232. Additionally, Ellie Vos, the lay witness, confirmed that plaintiff becomes short of breath easily and must rest frequently even when walking short distances. Tr. 113.

The ALJ also found that plaintiff was not compliant with treatment, because he continued to smoke against the advice of his physicians, and he had stopped using a C-PAP machine to improve his sleep apnea. Tr. 24. However, the record reflects that plaintiff has made numerous attempts to stop smoking, and he ceased using the C-PAP machine because of expense rather than choice. Tr. 157, 207, 232-33, 235-37, 240.

The ALJ also found plaintiff's complaints inconsistent with his stated ability to shop monthly, cook, wash dishes, and launder his clothes occasionally. Tr. 24. However, the Ninth Circuit has consistently recognized that engaging in limited physical activities does not constitute a basis for discrediting a claimant's testimony as to disability. Vertigan v. Halter, 260 F.3d 1044, 1049-50 (9th Cir. 2001) (physical therapy, home exercise, grocery shopping with assistance, walking, socializing, playing cards, swimming, watching television and reading, 'because they did not consume a substantial part of her day, were insufficient as a basis for rejecting her testimony"). "[M]any

8    - OPINION AND ORDER

home activities may not be easily transferable to a work environment, where it might not be possible to rest periodically, or take medication." Smolen, 80 F.3d at 1287 n.7 (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)). The Commissioner cites no evidence in the record that reflects activities at odds with plaintiff's stated limitations. Given the record as a whole, plaintiff's limited ability to carry out some activities during the day is not a legally sufficient reason to reject his subjective complaints.

Finally, the ALJ rejected plaintiff's complaints because the severity of his symptoms were not supported by objective medical evidence. However, given that other evidence of record supports plaintiff's allegations, the ALJ cannot rely on the lack of objective medical evidence. See Tonapetyan v. Halter, 242 F.3d 1144, 1147-48 (9th Cir. 2001); Cotton, 799 F.2d at 1407-08. Therefore, I find that the ALJ failed to provide clear and convincing reasons supported by the record to discredit plaintiff's complaints.

E.  Opinion of Treating Physician

Next, plaintiff argues that the ALJ improperly rejected the opinion of Dr. Moser, a treating physician.

Dr. Moser first saw plaintiff on November 27, 2002 and treated plaintiff through at least March of 2004. Tr. 10, 207. During that time, plaintiff underwent several tests, including a stress test. Dr. Moser opined that plaintiff could stand and walk for less than two hours each workday and could not lift more than ten pounds. Tr. 275. Further, Dr. Moser opined that plaintiff was limited in his ability to push or pull in both the upper and lower

9    - OPINION AND ORDER

extremities, and that plaintiff could not be exposed to fumes, odors, dusts, gases, poor ventilation, or hazards. Tr. 275-76.

The medical opinion of a claimant's treating physician is entitled to special weight and deference because "he is employed to cure and has a greater opportunity to know and observe the patient as an individual." Rodriguez v. Bowen, 876 F.2d 759, 761 (9th Cir. 1989). The ALJ may reject the uncontradicted opinion of a treating or examining physician by providing clear and convincing reasons supported by substantial evidence in the record. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). If contradicted, the ALJ may reject the opinion with specific and legitimate reasons. Andrews, 53 F.3d at 1043.

The ALJ rejected the opinion of Dr. Moser, because it was in the form of a checklist unsupported by clinical findings. Tr. 23. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."). While I agree that the ALJ generally may reject an unsupported checklist, the medical evidence here reflects limitations in plaintiff's ability stand or walk on a sustained basis. Tr. 156, 169-71, 223-24, 232. Further, Dr. Moser's restrictions are consistent with plaintiff's repeated complaints to medical providers regarding shortness of breath. Tr. 156, 168.

The ALJ also found that Dr. Moser's opinion conflicted with that of Dr. Tuft, another treating physician. On February 8, 2001, Dr. Tuft indicated that plaintiff could not perform strenuous

physical activity such as lifting more than twenty pounds or repeated lifting, bending, or stooping. However, Dr. Tuft rendered this opinion in early 2001, before plaintiff underwent testing that reflected a low tolerance for exercise. Tr. 171, 223-24. In contrast, Dr. Moser treated plaintiff during and after plaintiff underwent stress and other testing, and therefore Dr. Moser's opinion is entitled to deference.

F.  Remand

The question remains whether the ALJ's errors require remand for benefits or further proceedings. "The decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing Stone v. Heckler, 761 F.2d 530, 533 (9th Cir. 1985)). Remand is appropriate where further proceedings would resolve defects in the administrative proceedings. However, where new proceedings would simply serve to delay the receipt of benefits and would not add to the existing findings, an award of benefits is appropriate. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

The Ninth Circuit has posited the following test for determining when an award of benefits is warranted:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting Smolen, 80 F.3d at 1292). I find that no outstanding issues remain, and that the records establishes disability under the Act.

11  - OPINION AND ORDER

In determining whether a claimant is disabled under step five, an ALJ may refer to the Medical-Vocational Guidelines ("the grids"). 20 C.F.R. Part 404, Subpt. P, App. 2. The grids correlate a claimant's age, education, previous work experience, and residual functional capacity to direct a finding of either disabled or not disabled. The ALJ must apply the grids if a claimant suffers only from an exertional impairment. 20 C.F.R. Part 404, Subp. P, App. 2, § 200.00(a) & (e). Where a claimant suffers solely from a nonexertional impairment, the grids do not resolve the disability question and other testimony is required. Id. at § 200.00(e)(1). However, "where application of the grids directs a finding of disability, that finding must be accepted by the [Commissioner]. That is so whether the impairment is exertional or results from a combination of exertional and nonexertional limitations." Cooper v. Sullivan, 880 F.2d 1152, 1157 (9th Cir. 1989); see also Thomas, 278 F.3d at 960.

Here, Dr. Moser opined that plaintiff could stand and walk for less than two hours each workday, could not lift more than ten pounds, and that plaintiff was limited in his ability to push or pull in both the upper and lower extremities. Tr. 275-76. Based on Dr. Moser's assessment, plaintiff is limited to sedentary work. See 20 C.F.R. § 404.1567(a) and (b). Under the grids, a person of plaintiff's age, education, work history is deemed "disabled" if limited to sedentary work. See 20 C.F.R. Pt. 404, Subpt. P, App. 2, §§ 201.12, 201.14. Therefore, I find that plaintiff is presumptively disabled and has established disability within the meaning of the Act.

///

CONCLUSION

The ALJ's finding that plaintiff is not disabled within the meaning of the Act is not supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is REVERSED and REMANDED for an award of benefits.

IT IS SO ORDERED.

Dated this __17__ day of April, 2006.


_____/s/ Ann Aiken_____
Ann Aiken
United States District Judge